UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL FOSTER,** | : | **Case No. 1:04cv1032** |
| | : | |
| **Plaintiff,** | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| v. | : | |
| | : | |
| **GERALD T. McFAUL**, *et al.*, | : | **ORDER** |
| | : | |
| **Defendants.** | : | |

This matter arises on *Plaintiff's Motion Requesting a Court Order to allow Plaintiff Access to Call the Judicial Officer from the Marion Correctional Institution* (Doc. 82) ("Motion for Telephonic Access"), which relates to Plaintiff's attempts to pursue discovery disputes by phone in conformity with Local Rule 37. Apparently, circumstances have changed at the correctional institution such that Plaintiff no longer has unrestricted access to a phone. Defendants have filed an opposition brief (Doc. 79) and Plaintiff has filed a reply brief (Doc. 85). For the reasons outlined briefly below Plaintiff's Motion for Telephonic Access (Doc. 82) is **DENIED**.

This Order also addresses issues relating to the many letters received by the Court from Plaintiff. As to the specific letters referenced herein, the Court is unaware whether Defendants received copies those letters. Accordingly, the Court has attached those specific letters to this Order.[1]

**I.     Motion for Telephonic Access (Doc. 82).**

In so far as adequate, and perhaps more appropriate in this case, means exist to address discovery related disputes beyond an initial phone call to the Court, the Court deems it unnecessary to engage in a lengthy justification of its denial of Plaintiff's motion. Suffice it to say that, in the past, Plaintiff has

---

[1] The attached letters, dated October 14, 2005 and October 26, 2005, do not indicate that Defendants' counsel was copied. They only indicate that copies were retained in the "File."

taken full advantage of his prior phone privileges by contacting the Court by phone repeatedly. Many of Plaintiff's previous phone calls related to discovery disputes, which the Court subsequently resolved *via* conference calls and written orders after consideration of voluminous materials submitted by the parties, <u>but many did not</u>.

As is often the case with *pro se* parties, Plaintiff has often "approached the line" with regard to inappropriate *ex parte* communications with the Court; the Court expressly has guarded against engaging in such discussions with Plaintiff. In light of this fact, and Plaintiff's ability to express his views in writing – as evidenced by his many letters to the Court on a variety of topics – the Court deems it most appropriate in this case, irrespective of Plaintiff's present inability to use the phone (as he characterizes the present state of affairs), simply to provide an individualized procedure for the resolution of discovery related disputes that does not require use of a phone. <u>From this point forward the following procedures shall govern the presentation of discovery disputes in this case</u>:

1. All discovery disputes shall be initiated by a <u>letter filed with the Court</u>. In addition to filing, a copy of the letter <u>shall be served</u> upon the opposing parties (*i.e.*, counsel, if represented).

2. A responsive letter shall be filed and served within 5 days of receipt of the initiating letter.

3. Unless otherwise permitted by the Court, no further filings shall be made in connection with the asserted dispute.

4. The letters shall contain the header **"DISCOVERY DISPUTE LETTER – [responsive letter shall reference here the date of the initiating letter]"** and shall set forth the dispute and the filing party's position in connection therewith.

5. Upon receipt and consideration of the parties' letters, the Court will engage an appropriate method of resolution.

**II.     Plaintiff's Recent Letters – dated October 14, 2005 and October 26, 2005.**

Plaintiff recently sent the Court the letters that are attached to this Order. To date, these letters represent the only outstanding "dispute letters."[2] As to these letters only, issuance of this Order shall constitute service upon the Defendants in conformity with the above directive relating to discovery disputes. For purpose of calculating the 5-day response deadline, the receipt date of these letters shall be the issuance date of this Order. Defendants shall respond, after which the Court will consider the matters presented.

In so far as the Court regularly receives letters from Plaintiff that do not specifically relate to discovery disputes but still seek judicial action or present arguments akin to inappropriate *ex parte* discussions, the Court also hereby **ORDERS** that all future non-filed written communication to the Court **SHALL BE SERVED** upon the opposing parties (or counsel, if represented. An opposing party may respond to any such communication; if any judicial action is sought in the initial communication, the opposing must respond within 5 days of receipt of such communication. As with discovery disputes, the Court then will determine the extent to which the matter need be formally addressed, if at all.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: November 8, 2005**

---

[2] Plaintiff has filed a Motion for Sanctions (Doc. 83), which has not yet been fully briefed and is, therefore, not yet ripe for consideration. Defendants shall respond to that motion on or before November 11, 2005.