UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL FOSTER,** | : | **Case No. 1:04 CV 1032** |
| **Petitioner,** | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| | : | <u>**ORDER**</u> |
| **GERALD T. MCFAUL, Warden,** *et al.*, | : | |
| **Respondents.** | : | |

Before the Court are four motions relating to the trial in this matter scheduled to begin on January 14, 2008. Those motions are: *Plaintiff's [Third] Motion for Appointment of Counsel* (Doc. 232); *Plaintiff's Motion for Declaratory Judgment* (Doc 233); *Plaintiff's Motion for Extension of Trial Order Timelines, by 30 or 60 Days* (Doc. 235); and *Defendants Milovanovic and Ivey's Motion for Separate Trial* (Doc. 236).

**I.  Plaintiff Michal Foster's ("Foster") Motions.**

On November 7, 2007, Foster filed a third motion for appointment of counsel. His previous two motions (*See* Docs. 4, 24) were denied. In denying a previous request, the Court stated: "Because a civil litigant does not have a right to judicially appointed counsel, which Foster acknowledges in his filings, the Court must reluctantly deny his motion." (*See* Doc. 37). Since the filing of his previous motions, however, some of Foster's claims have survived summary judgment and will proceed to trial. Due to the procedural posture of the case, the Court redoubled its efforts and was able to secure an experienced and skilled trial attorney, Timothy F. Sweeney, as counsel for

Foster. Mr. Sweeney's appointment is made pursuant to United States District Court for the Northern District of Ohio General Order No. 2007-02. In accordance with that Order, certain expenses up to $1,500 are reimbursable to Mr. Sweeney. As discussed in paragraph H of that Order, any expenses reimbursed must be repaid from the proceeds of any monetary settlement or award of fees and costs under 42 U.S.C. § 1988.

The parties should be advised that, because serious efforts to settle this matter have not been undertaken, the Court intends to schedule a mediation before Magistrate Judge William H. Baughman, Jr., at his convenience, some time prior to trial. Should this case settle at the mediation or substantially prior to trial, Mr. Sweeney will be entitled to 25% of the settlement amount, plus costs and expenses. Should this case settle within twenty-four hours of trial, or thereafter, Mr. Sweeney will be entitled to 1/3 of the settlement amount, plus costs and expenses.[1] If this matter proceeds to judgment or decree, the fees and expenses of counsel will be governed by 42 U.S.C. § 1988. If, within seven days, Foster objects to any of the terms of appointment described above, the appointment will be rescinded and Foster will proceed to trial *pro se.* The Court will not entertain any further requests for appointment of counsel, nor will it permit any further delays. Accordingly, Foster's *Motion for Appointment of Counsel* (Doc. 232) is **Conditionally Granted.**

Next, Foster's *Motion for Declaratory Judgment* pursues relief for a claim that did not survive summary judgment. The Court declines to reiterate its reasons for rejecting the claims for

---

[1] Typical contingency arrangements within this District provide for somewhere between 33 1/3% and 45% of settlements or awards to be paid to counsel. This appointment, which provides for only a 25% payment from a settlement in advance of trial, a 33 1/3% contingency for a settlement during or after trial, and resort solely to application under § 1988 in the event of a judgment in Foster's favor, is particularly generous to Foster. This is especially so given Mr. Sweeney's level of experience and his willingness to risk the possibility that he might receive no fees despite substantial efforts on Foster's behalf.

injunctive and declaratory relief and refers the parties to its Order of September 28, 2007, but simply notes that, despite the potential for further criminal proceedings, Foster's concerns remain speculative at this time. Additionally, the Court observes that Foster's Motion for Declaratory Judgment cannot be sustained in its present form as it lacks any sort of proper evidentiary support. Should the issue of Foster's potential return to the facilities at issue become less speculative, the Court invites Mr. Sweeney to reopen the issue at an appropriate time, with an appropriate motion. Foster's Motion is **DENIED.**

Finally, Foster has asked this Court to extend the deadlines in its Trial Order by thirty to sixty days so that he may better prepare his case. Because the Court has conditionally appointed Mr. Sweeney as counsel for Foster, the Court agrees that the dates scheduled in its original trial order are now untenable. Mr. Sweeney agreed to accept the appointment, but explained that he requires time to prepare and has a scheduling conflict with the current trial. The Court's October 12, 2007 trial order, therefore, is **VACATED**. A new trial order, setting the trial for the spring of 2008, is forthcoming.[2] Accordingly, Plaintiff's Motion for Extension of Trial Order Timelines (Doc. 235) is **DENIED** as moot.

**II. Milovanovic and Ivey's Motion for a Separate Trial.**

On December 2, 2007, defendants Ivey and Milovanovic moved the Court to separate their trial from the trial of defendants McFaul and McDonough. Ivey and Milovanovic argue that Foster's claims against McFaul and McDonough are focused on whether they failed to adequately protect Foster from harm allegedly inflicted by other inmates over the course of some 70 days and/or were

---

[2] Should Foster reject the terms of the appointment, it would be unnecessary for a new attorney to prepare for the trial and the Court would reschedule the trial as soon as possible.

callously indifferent to his requests for better protection. Ivey and Milovanovic contend that Foster's claims against them are only directed toward whether they used excessive force against Foster on one day. Ivey and Milovanovic suggest that most of the evidence relating to the alleged conduct of McFaul and McDonough is inadmissible against them (which would result in juror confusion) and that Foster's account of the alleged inmate assaults over the course of his incarceration will prejudice them.

The Court, however, finds that a central theme of Foster's case against Milovanovic and Ivey involves his alleged requests for better inmate protection. Indeed, Foster has stated that Ivey and Milovanovic's alleged assault was in retaliation for Foster's alleged attempts (through the inmate grievance process) to alert McFaul and McDonough to the adequacy of his protection. The claims, defenses, and issues, therefore, are not markedly distinct and would require a substantial overlap with respect to the presentation of proofs. Accordingly, to the extent the potential for prejudice or confusion arises, the Court finds that any perceived impediment can be cured by adequately instructing the jury.

**III.    Conclusion**.

For the foregoing reasons *Plaintiff's [Third] Motion for Appointment of Counsel* (Doc. 232) is **Conditionally Granted**; *Plaintiff's Motion for Declaratory Judgment* (Doc 233) is **DENIED**; *Plaintiff's Motion for Extension of Trial Order Timelines, by 30 or 60 Days* (Doc. 235) is **DENIED** as moot.; and *Defendants Milovanovic and Ivey's Motion for Separate Trial* (Doc. 236) are **DENIED.**

**IT IS SO ORDERED.**

                                          s/Kathleen M. O'Malley
                                          **KATHLEEN McDONALD O'MALLEY**
                                          **UNITED STATES DISTRICT JUDGE**

**Dated: December 20, 200**7