**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL FOSTER,** | : | **Case No. 1:04 CV 1032** |
| | : | |
| **Petitioner,** | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| **v.** | : | |
| | : | **ORDER** |
| **GERALD T. MCFAUL, Warden,** *et al.*, | : | |
| | : | |
| **Respondents.** | : | |

Before the Court is plaintiff Michael Foster's ("Foster") *Motion to Re-Open Discovery for the Limited Purpose of Taking the Depositions of the Four Remaining Defendants* (Doc. 251). The defendants have filed an objection to Foster's motion, and the matter is ripe for the Court.

The defendants' primary objection is that Foster failed to conduct depositions prior to the expiration of the discovery deadline. As is plain from the record in this matter, Foster is incarcerated and, until recently, has been acting *pro se*. The defendants admit that they would have conducted more than one deposition had the plaintiff been able to participate through counsel in such proceedings. The defendants, however, have not attempted to explain how they would be prejudiced by conducting depositions now that Foster has obtained representation.

Counsel for the plaintiff has indicated that he only requires 3.5 hour depositions of the four remaining named defendants. Plaintiff's counsel has also expressed to the Court the willingness and the ability to undertake those depositions immediately. While the Court understands that any

1

deposition requires preparation and results in an inconvenience to the deponent,[1] it notes that trial in this matter is still nearly fifteen weeks away.  Accordingly, the Court believes the better course of action here is to permit the plaintiff to proceed with his depositions in order to facilitate a complete trial on the merits.

Finally, the defendants request that discovery "be reopened in all respects" so that every party can have another chance to prepare for trial.  Unfortunately, unlike plaintiff's specific request which explains the type of additional discovery necessary and why that discovery is required, defendants' request is general and offers no basis upon which to weigh the inconvenience of the request against its necessity.  Indeed, other than (by telephone) generally referring to a need to request some additional documents from the plaintiff – a request which the Court hereby grants – defendants have not given any indication of the discovery that they require.  At this time, therefore, the Court declines to reopen discovery beyond the depositions sought in plaintiff's motion.  In fairness, however, should the defendants require, they may extend the time of the four depositions beyond 3.5 hours, as necessary, to establish a complete record.

**CONCLUSION.**

In sum, plaintiff's *Motion to Re-Open Discovery for the Limited Purpose of Taking the Depositions of the Four Remaining Defendants* (Doc. 251) is **GRANTED**.  If the defendants ascertain, within a reasonable time, the written discovery they require, they are advised to seek that discovery from plaintiff.  The parties are instructed to cooperate fully, and to contact the Court

---

[1] Defendants' request to separately address the issue of Sheriff McFaul's deposition is denied.  Having considered the issue, the Court finds that a 3.5 hour deposition is necessary given the allegations of the matter.  The Court is confident that plaintiff's counsel will exercise the appropriate deference when accommodating the Sheriff's schedule and will endeavor to conclude the deposition is quickly as possible.

2

immediately with any disputes as the third – and final – trial date set in this matter is immutable irrespective of the demands of discovery.

**IT IS SO ORDERED.**

<u>s/Kathleen M. O'Malley</u>
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: May 6, 2008**

3