UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL FOSTER,** | : | Case No. 1:04 CV 1032 |
| | : | |
| Petitioner, | : | JUDGE KATHLEEN O'MALLEY |
| | : | |
| v. | : | |
| | : | **ORDER** |
| **GERALD T. MCFAUL, Warden,** *et al.*, | : | |
| | : | |
| Respondents. | : | |

The parties in this matter have brought a discovery dispute to the Court's attention. In resolution of that dispute, the Court finds and orders as follows:

On August 8, 2008, the parties telephoned the Court to address a discovery issue. According to the parties, the defendants intended to call three witnesses (Dennis Duff, Jeff Smith, and Danny Smith) who are expected to testify that the plaintiff fabricated much of the substance of this case. Counsel for the plaintiff objected to the presentation of these witnesses and, alternatively, asked to be given the opportunity to interview the witnesses prior to trial. On August 11, 2008, the Court telephoned the parties to inquire whether the witnesses had been disclosed to plaintiff's counsel at any time prior to their disclosure as trial witnesses as required by Rule 26. When the Court learned that they had not been disclosed previously, it ordered the parties immediately to submit letters addressing whether the witnesses should be barred from testifying at trial.

In her letter to the Court, counsel for the defense contends that the witnesses did not have to be disclosed for two reasons: (1) they are solely impeachment witnesses; and (2) the defendants were

1

not obligated to disclose the witnesses because plaintiff did not serve discovery seeking disclosure of the witnesses.

Plaintiff principally argues that the testimony is not solely for the purpose of impeachment and, therefore, should have been disclosed. Given the time constraints present less than two weeks before trial, the Court declines to address the matter in great detail. With respect to the issue of impeachment, the Court agrees with the plaintiff's interpretation.

In brief, some of the key issues likely to arise in this case involve whether the plaintiff fabricated various documents and claims relating to his treatment and/or the injuries he sustained while incarcerated in the care of the defendants. The defendants recently-disclosed witnesses will apparently testify that plaintiff did, indeed, fabricate much, if not all, of his story. Counsel for the defendants suggests that testimony of this nature is designed solely to "impeach" the plaintiff, but the Court disagrees. Instead, after considering the parties' submissions and the nature of the expected testimony, the Court finds plaintiff's reference to Wright and Miller to be on point:

> If a party plans to testify to one version of the facts, and the opponent has evidence supporting a different version of the facts, the opponent's evidence will tend to impeach the party by contradiction, but if discovery of this kind of evidence is not permitted the discovery rules might as well be repealed. Even those who have been most concerned about protecting impeachment material recognize that substantive evidence must be subject to discovery even though it also tends to contradict the evidence of the discovering party.

Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2015, at 212 (1994); see also Elion v. Jackson, 544 F. Supp. 2d 1, 6 (D.D.C. 2008). In sum, while a successful attempt to show that plaintiff fabricated his story will tend to show that he is an untruthful person, it is primarily designed to show that his version of the facts is inaccurate.

The defendants' second argument is slightly more persuasive. In sum, they argue that,

because plaintiff never sought a witness list through the discovery process, they were under no obligation to disclose the witnesses until the Court's order instructed them to.

Initially, this case was brought, *pro se*, by the plaintiff, an inmate in a state correctional facility. The case proceeded in that manner for several years. As such, the defendants were not obligated to make initial disclosures under Rule 26. See Fed. R. Civ. P. 26(a)(1)(B)(iv). Thus, no initial disclosures were made. Though plaintiff eventually obtained representation, taking him outside the exception to Rule 26, at that juncture, discovery had largely concluded. In the interest of a full, fair trial, the Court permitted the parties to take some additional discovery with respect to certain limited, specifically identified issues and individuals. Discovery relating to all potential witnesses, however, was not among the necessary areas identified by the parties. As a result, the witnesses were not identified until the Court instructed the parties to identify them as part of its pretrial Order. Thus, when the Court balances the somewhat irregular circumstances of this case against the need to discover the truth, the Court finds that there is reasonable justification to permit the witnesses to testify only under the following circumstances and if the following corrective requirements are met:

    1.    By 11:00 a.m. on August 17, 2008, defendants will produce and deliver to plaintiff's counsel, at defendants' expense, the proposed witnesses' prison files to the extent described in plaintiffs' letter;

    2.    By 11:00 a.m. on August 17, 2008, defendants will produce and deliver to plaintiff's counsel, at defendants' expense, the proposed witnesses' criminal records;

    3.    By 11:00 a.m. on August 17, 2008, defendants will produce and deliver to plaintiff's counsel, at defendants' expense, any notes, memoranda, letters, correspondence, or any other documents concerning the witnesses and/or their testimony, including any letters on any subject that they may have sent to, or were received by, defendants' counsel or to the Cuyahoga County Prosecutor's office;

    4.    Plaintiffs' counsel is permitted to conduct interviews or depositions,[1] at plaintiff's counsel's election, of the witnesses; any witness that cannot be made available for an interview or deposition on or before Wednesday, August 20, 2008 will not be permitted to testify at trial.

As a final note, the Court finds the most troubling aspect of this dispute to be defendants' counsel's woefully inadequate and apparently purposefully vague description of the witnesses' proposed testimony in their July 28, 2008 witness disclosure. That disclosure ensured that the substance of the witnesses' testimony would remain concealed until the pretrial brief filed on behalf of the defendant on August 6, 2008. This tactic deprived the Court and the parties of the precious time needed to address the objection that the untimely disclosure would inevitably draw. Unfortunately, though the Court has no intention to delay the start date of the trial, the tactic may require the Court to reset the final pretrial date to accommodate the last-minute discovery and, perhaps, an eleventh-hour mediation. It is for this reason that the Court has assessed costs and imposed the restrictions described above.

The parties are to contact the Court on Friday, August 15 at 5:00 p.m. to discuss the status of the remaining discovery.

**IT IS SO ORDERED.**

                                                          s/Kathleen M. O'Malley
                                                        **KATHLEEN McDONALD O'MALLEY**
                                                        **UNITED STATES DISTRICT JUDGE**

**Dated: August 14, 2008**

---

[1] If depositions are necessary, the parties are to split the expense.