**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL FOSTER** | : | **Case No.1:04-CV-1032** |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| **v.** | : | |
| **GERALD T. MCFAUL, et al.** | : | **MEMORANDUM & ORDER** |
| **Defendants.** | : | |

Before the Court are motions in limine brought by both the Plaintiff and Defendants in this action. (Docs. 261, 276, 277, 278, 279, 286, 288, 289, and 320.) Also before the Court is Plaintiff's Motion to Appear in Civilian Clothes and Without Shackles or Other Restraints. (Doc. 280.) The Court fully resolved these motions and described its reasoning in detail at the Final Pretrial Hearing held on January 14, 2009 and, as to Doc. 320, at an additional hearing on January 22, 2009. The Court issues this Order to reiterate its rationale and succinctly present its rulings for the benefit of the parties going forward.

**I. Defendants' Motions to Limit Expert Testimony**

Defendants' Motions to Limit Expert Testimony are **DENIED AS MOOT**. (Docs. 261, 289.) Although the Defendants originally sought to preclude certain witnesses from testifying as experts because they had not been designated as such previously, and had not submitted expert reports, the Plaintiff will only be offering fact witnesses and treating physicians, as to whom no expert report is required. (Doc. 298.)

While the Defendants expressed concern that the testimony of Foster's treating physicians

might go beyond information "learned through actual treatment and from the [P]laintiff's records up to and including that treatment," the Plaintiff has explained that, in the event that treating physicians are called, they will testify only to the "facts of the treatment, what conditions Foster complained about, and what was done by the prison doctors in response as revealed in Foster's prison medical records." (Doc. 298.) Hence, there is no disagreement upon which this Court must rule.

**II. Plaintiff's Motion to Exclude Foster's Prior Criminal Convictions**

Plaintiff's Motion to Exclude Foster's Prior Criminal Convictions is **GRANTED IN PART AND DENIED IN PART**. (Doc. 276.) As an initial matter, the Plaintiff's 1984 convictions are excluded. The Defendants concede that the Plaintiff was only incarcerated for those convictions until December of 1998. (*See* Doc. 295.) Consequently, the admissibility of these convictions is governed by FRE 609(b), because the Foster was released "from the confinement imposed for that conviction" more than ten years prior to the start of the instant trial. Fed. R. Evid. 609(b); *see United States v. Rogers*, 542 F.3d 197, 198 (7th Cir. 2008) ("[P]robation does not constitute 'confinement' within the meaning of Rule 609(b)."); *United States v. Cox*, 159 Fed. Appx. 654, 657 (6th Cir. 2005) ("[Defendant was] released from confinement on his uttering-and-publishing conviction approximately eleven years before the trial in the current case. Admissibility of the conviction is therefore governed by [FRE 609(b)]."); *cf. United States v. Phelan*, 26 Fed. Appx. 439, 440 (6th Cir. 2001) ("[I]t is undisputed that [the Defendant] completed his robbery sentence within ten years of his current trial.").[1]

---

[1] The Defendants themselves submit that this Court should look to December 1998 in order to calculate whether FRE 609(a) or FRE 609(b) applies, because this is when Foster was released from incarceration. (*See* Doc. 295.) Indeed, this is in accordance with the plain language of FRE 609(b), which states that FRE 609(b) applies when "a period of more than ten

Those convictions would only be admissible if "the probative value of the conviction supported by specific facts and circumstances <u>substantially outweigh[ed]</u> its prejudicial effect." Fed. R. Evid. 609(b) (emphasis added). This is generally regarded as a high bar. *See United States v. Huff*, No. 97-6020, 1998 U.S. App. LEXIS 14988, at *6 (6th Cir. June 30, 1998) ("[E]vidence of convictions more than ten years old should be admitted very rarely and only in exceptional circumstances.") (citing *United States v. Sims*, 588 F.2d 1145, 1147 (6th Cir. 1978)); *See also United States v. Pettiford*, 238 F.R.D. 33, 39 (D.D.C. 2006) (same). The Defendants do not assert that "specific facts and circumstances substantially outweigh" the "prejudicial effect" of these prior convictions (*see* Doc. 295), nor does the Court independently find any reason to believe that they do. Consequently, these convictions may not be entered into evidence.

For the reasons more fully articulated on the record, however, Foster's February 2002

---

years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction." Fed. R. Evid. 609(b).

This Court, however, takes careful note of a vacated Sixth Circuit opinion that suggested otherwise in dicta. *See United States v. Gaines*, 105 Fed. Appx. 682, 695 (6th Cir. 2004) ("[FRE 609(b) does not apply because] less than ten years had passed since the witness was released from confinement <u>or the period of his parole or probation had expired</u>.") (emphasis added), vacated on other grounds *Gaines v. United States*, 543 U.S. 1114 (2005); *accord. United States v. Wood*, No. 3:08-CR-26, 2008 U.S. Dist. LEXIS 95878, at *12 (E.D. Tenn. Nov. 25, 2008). Nevertheless, this Court believes that, were the Sixth Circuit to ever squarely consider this issue, it would hold that FRE 609(b) applies to all convictions when more than ten years have passed since a witness was released from confinement. *Accord. Rogers*, 542 F.3d 197, 198 ([A]lthough the government notes that [an earlier 7th Cir. decision] refers to the date of the defendant's discharge from parole as the apparent starting point for the calculation of the ten-year time period,[the earlier case] made no more than a passing reference to the defendant's discharge from parole; the parties there did not dispute the age of the prior conviction, and the decision therefore did not affirmatively address whether parole equaled 'confinement' for purposes of Rule 609(b).); *Bizmark, Inc. v. Kroger Co.*, 994 F. Supp. 726, 728 (W.D. Va. 1998) (citing *United States v. Gray*, 852 F.2d 136, 139 (4th Cir. 1988)) (holding that the ten year period begins to run when a witness is released from confinement); *United States v. Daniel*, 957 F.2d 162 (5th Cir. 1992) (same); *cf. United States v. McClintock*, 748 F.2d 1278, 1288 (9th Cir. 1984) (noting that reconfinement pursuant to a parole violation restarts the 10-year clock).

conviction (No. 01-412065) is admissible under FRE 609(a). Although it is true that crimes of violence are not normally admissible to show truthfulness, this conviction should be admitted because it is highly probative as to the totality of the circumstances that were presented to the Defendants at the time the Plaintiff was transferred into their custody and because absence of any reference to this conviction would unduly confuse the jury. The prejudicial effect of introducing the fact of this conviction is relatively limited, moreover, given that the jury will already know that Foster was in custody during the relevant time. To further limit any potential undue prejudice, Defendants may only elicit the fact of the conviction, the date of the conviction, and that Foster was serving time in connection with that conviction at the time events relevant to this lawsuit transpired. *See Kennedy v. City of Zanesville*, No. 2:03-cv-1047, 2008 U.S. Dist. LEXIS 38409, at *13 (S.D. Ohio 2008) ("[F]or purposes of challenging a witness's propensity for truth and veracity opposing parties cannot harp on a witness's past crimes and in fact can elicit no more than the crime charged, the date, and the disposition.") (quoting *Gora v. Costa*, 971 F.2d 1325, 1330 (7th Cir. 1992)).

### III. Plaintiff's Motion to Exclude Pending Criminal Charges

Plaintiff's Motion to Exclude Pending Criminal Charges is **GRANTED IN PART AND DENIED IN PART**. (Doc. 277.) Foster seeks to exclude information regarding pending criminal charges against him. While such evidence would generally be unduly prejudicial, the Court must balance the Defendants' right to present their theory that Foster's admissions during his successful habeas proceeding contradict Foster's present claims and their theory that these civil proceedings are an outgrowth of Foster's efforts to get out from under his criminal conviction and were filed in an effort to lend credibility to his habeas claims. *See* Fed. R. Evid. 403. For this reason, either party may choose to introduce evidence that charges were pending against Foster, that Foster entered a guilty plea as to those charges, that Foster sought to set aside that guilty plea on grounds that it was

-4-

entered under duress because of the circumstances of his confinement, and the guilty plea was, in fact, set aside.[2]

The Defendants will be permitted to impeach Foster by reference to documents he prepared and submitted in support of his habeas petition. This evidence may be used by the Defendants to argue that the Plaintiff's prior admissions are inconsistent with the allegations that he makes in this proceeding. To protect against undue prejudice, however, any documents must be redacted prior to presentation to the jury. Descriptions of the offenses must be excluded, including any descriptions that might allow the jury to find that there may have been multiple offenses in connection with those convictions. The documents must reflect only admissions by Foster, including the facts upon which Foster relied or failed to rely in support of his motion. Parties must submit copies of these documents to the Court for review before they are used during the course of these proceedings.

No additional evidence may be presented with respect to pending criminal charges and, as noted, neither party may enter evidence that Foster unsuccessfully attempted to set-aside his February 2002 conviction.

**IV. Plaintiffs' Motion to Exclude the Reasons Foster was in Protective Custody**

Plaintiffs' Motion to Exclude the Reasons Foster was in Protective Custody is **GRANTED IN PART AND DENIED IN PART**. (Doc. 278.) No evidence may be introduced that Foster was

---

[2] As more fully explained on the record, however, the Defendants may not introduce any evidence pertaining to Foster's *unsuccessful* attempt in state court to set aside his May 2002 conviction on other grounds. The Defendants argue that it was during this unsuccessful attempt that Foster became familiar with the legal process. This argument is too attenuated and vague to overcome the substantial prejudicial impact of this evidence. *See* Fed. R. Evid. 403, 611.

in protective custody prior to 2002.³ As an initial matter, Defendants agree that much of this evidence should be excluded. (*See* Doc. 295.) Furthermore, as this Court has already ruled that Foster's pre-2002 convictions are inadmissible, discussion of Foster's status prior to 2002 is generally unduly prejudicial. *See* Fed. R. Evid. 603(b).

For reasons more fully explained on the record, this Court concludes that some information relating to Foster's condition in 2001 and 2002 is admissible to ensure that the jury understands the events at the heart of the instant case. Evidence may be presented that, when Foster was convicted in May 2002 and sent to Marion, he was placed in protective custody and that he was in protective custody when transferred to the Cuyahoga County jail. Neither party may explain why he was placed in protective custody, however. The Court will adopt Defendants' modifications of Foster's proposed jury instructions on this point. (*See* Doc. 294.) The Court will instruct the jury as follows:

> I want to caution you that the specific reasons Foster was given Protective Custody status are not relevant to this case. I have therefore precluded the parties from introducing evidence about the specific reasons why Foster sought or received that status. You are not to speculate as to the specific reasons why Foster sought or was placed in Protective Custody status, nor are you to give any consideration at all to the specific reasons for Foster's Protective Custody status in your deliberations.

Either party may introduce the fact that, in 2001 and 2002, Foster was not injured in the Cuyahoga County Jail while awaiting trial on the matter for which he was convicted in the Spring of 2002.

---

³ In particular, as detailed extensively on the record, all parties agree that the events in Lucasville leading to his initial protective custody status are not relevant to the present case.

**V. Plaintiffs' Motion Barring Any Evidence As to Why Foster Was Confined at Jail**

Plaintiffs' Motion Barring Any Evidence As to Why Foster Was Confined at Jail is **GRANTED IN PART AND DENIED IN PART**. (Doc. 279.) This motion is granted in part and denied in part consistent with the Court's rulings on Foster's other motions regarding prior convictions and prior pending criminal charges.

In particular, parties will be allowed to explain to the jury that Foster was brought to Cuyahoga County Jail in the fall of 2002 to face criminal charges, but neither party may outline what those criminal charges are. As previously explained, these are merely pending charges and there is a presumption of severe prejudice arising from the introduction into evidence of pending and unproven charges. Some reference to the fact of such charges is necessary, however, to explain why Foster was in custody and thus, in a position that he asserts gave rise to his current claims.

**VI. Plaintiffs' Motion for Order that Foster May Appear in Civilian Clothes and Without Shackles**

Plaintiffs' Motion for Order that Foster May Appear in Civilian Clothes and Without Shackles is **GRANTED IN PART AND DENIED IN PART**. (Doc. 280.) Foster may appear in civilian clothing. Foster must, however, comply with the security requirements set forth by the U.S. Marshal Service. Presently, the U.S. Marshal does not believe that Foster must be restrained during trial. Should that assessment change based on Foster's behavior prior to or during trial, however, the Marshal may suggest the reimposition of restraints or the possible use of a less visible "stun belt." Given Foster's past history of violence and the pending charges against him, it is appropriate to defer to the security recommendations of the U.S. Marshal Service to the extent that the Marshal seeks to use the least intrusive reasonable means necessary to ensure the public's security and Foster's continued detention.

The Court denies Foster's motion to limit the number or positioning of security personnel in the courtroom, but notes that the U.S. Marshal Service does not anticipate more than four total agents (two U.S. Marshals and two Marion personnel) will be present.  The Court does not find four agents to be unduly prejudicial in light of the specific security concerns posed by Foster's past history of violence.

**VII. Defendants' Motion to Exclude *Foster v. Money***

Defendants' Motion to Exclude *Foster v. Money* is **GRANTED IN PART AND DENIED IN PART**.  (Doc. 286.)  As more fully explained on the record, neither party may introduce Judge Polster's ruling granting Foster's habeas petition into evidence.  Parties may, however, introduce evidence consistent with this Court's ruling regarding Foster's Motion to Exclude Pending Criminal Charges (Doc. 277.).  As detailed on the record, parties may also introduce evidence explaining the mechanics of a habeas proceeding, although they are urged to make a joint stipulation on this point.

**VIII. Defendants' Motion to Exclude Evidence Relating to Dennis Weaver**

Defendants' Motion to Exclude Evidence Relating to Dennis Weaver is **DENIED AS MOOT**.  (Doc. 288.)  This evidence pertained to events that occurred when Foster was imprisoned for his 1984 convictions.  Foster does not seek to introduce this evidence in light of the Court's ruling that the 1984 convictions are excluded.  (*See* Doc. 300.)

**IX. Plaintiffs' Motion to Bar Testimony of Undisclosed Witnesses Dennis Duff, Dan Smith and Jeff Smith**

Plaintiffs' Motion to Bar Testimony of Undisclosed Witnesses Dennis Duff, Dan Smith and Jeff Smith is **GRANTED IN PART AND DENIED IN PART**.  (Doc. 320.)  As exhaustively detailed in the Court's January 22 hearing, the Court bars the testimony of Jeff Smith, but allows the testimony of Dennis Duff and Dan Smith within the constraints set forth at that hearing.

**CONCLUSION**

For the aforementioned reasons, Defendants' Motions to Limit Expert Testimony are **DENIED AS MOOT** (Docs. 261, 289), Plaintiff's Motion to Exclude Pending Criminal Charges is **GRANTED IN PART AND DENIED IN PART** (Doc. 277), Plaintiff's Motion to Exclude Pending Criminal Charges is **GRANTED IN PART AND DENIED IN PART** (Doc. 277), Plaintiffs' Motion to Exclude the Reasons Foster was in Protective Custody is **GRANTED IN PART AND DENIED IN PART** (Doc. 278), Plaintiffs' Motion Barring Any Evidence As to Why Foster Was Confined at Jail is **GRANTED IN PART AND DENIED IN PART** (Doc. 279), Plaintiffs' Motion for Order that Foster May Appear in Civilian Clothes and Without Shackles is **GRANTED IN PART AND DENIED IN PART** (Doc. 280), Defendants' Motion to Exclude *Foster v. Money* is **GRANTED IN PART AND DENIED IN PART** (Doc. 286), Defendants' Motion to Exclude Evidence Relating to Dennis Weaver is **DENIED AS MOOT** (Doc. 288), and Plaintiffs' Motion to Bar Testimony of Undisclosed Witnesses Dennis Duff, Dan Smith and Jeff Smith is **GRANTED IN PART AND DENIED IN PART** (Doc. 320).

**IT IS SO ORDERED.**

                                                **s/Kathleen M. O'Malley**

                                                **KATHLEEN McDONALD O'MALLEY**
                                                **UNITED STATES DISTRICT JUDGE**

**Dated: January 23, 2009**